# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRIAN KENNER, AN INDIVIDUAL, AND KATHLEEN KENNER, AN INDIVIDUAL,<br><br>    Plaintiffs,<br><br>  v.<br><br>E. KELLY, et al.,<br><br>    Defendants | Case No. 10cv2105 BTM(WVG)<br><br>**ORDER DENYING APPLICATION FOR AN ORDER REQUIRING THE DISTRICT ATTORNEY TO SERVE IRS PARTIES AND DISMISSING THE COMPLAINT FOR FAILURE TO STATE A CLAIM** |

Plaintiffs have filed an ex parte application requesting that the Court require the District Attorney to serve the IRS defendants with Plaintiffs' Complaint. The Court assumes that Plaintiffs actually mean the U.S. Attorney. At any rate, Plaintiffs' application is **DENIED** for the reasons discussed below.

On October 8, 2010, Plaintiffs commenced this action. Plaintiffs sue various IRS employees and agents in addition to Barbara Dunn, an attorney for a defendant in a prior lawsuit brought by Defendants, and her firm, Lacy, Dunn, & Do. Plaintiffs bring RICO claims against Defendants based on the IRS's "illegal confiscation" of settlement funds from the prior lawsuit, pending an Offer In Compromise.

Plaintiffs Complaint fails to state a claim. Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit. Federal Deposit Ins. Corp. v. Meyer, 510 U.S. 471, 475 (1993). As provided in 26 U.S.C. § 7433(a), "If, in connection with any

collection of Federal tax with respect to a taxpayer, any officer or employee of the Internal Revenue Service recklessly or intentionally, or by reason of negligence disregards any provision of this title, or any regulation promulgated under this title, such taxpayer may bring a civil action for damages against the United States in a district court of the United States. Except as provided in section 7432, *such civil action shall be the exclusive remedy for recovering damages resulting from such actions.*"  (Emphasis added.)  Administrative remedies must be exhausted before filing suit under 26 U.S.C. § 7433(a).

Taxpayers may not circumvent the comprehensive statutory scheme established by § 7433(a) by asserting RICO claims against the IRS or its agents.  See Duran v. IRS, 2009 WL 772802 (E.D. Cal. March 18, 2009).  Moreover, there can be no RICO claim against the federal government.  Berger v. Pierce, 933 F.2d 393, 397 (6th Cir. 1991).

Plaintiffs' Complaint clearly pertains to allegedly improper actions taken by the IRS defendants in the collection of Federal tax.  Therefore, Plaintiffs' exclusive remedy against the IRS and its agents is under 26 U.S.C. § 7433(a).  Accordingly, Plaintiffs' Complaint is dismissed as to the IRS defendants for failure to state a claim.

Plaintiffs' Complaint is also dismissed as to Dunn and her law firm because Plaintiffs have not alleged facts establishing a plausible RICO claim against them.

In conclusion, Plaintiffs' Complaint is **DISMISSED** for failure to state a claim. However, the Court grants Plaintiffs leave to file an amended complaint within 20 days of the entry of this order.  Failure to do so will result in the entry of judgment dismissing this case. Plaintiffs' application for an order requiring the U.S. Attorney to serve the IRS defendants with the Complaint is **DENIED** as moot.

**IT IS SO ORDERED.**

DATED:  November 18, 2010

Honorable Barry Ted Moskowitz
United States District Judge