UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Brian Kennar, an individual, and Kathleen Kenner, an individual,<br><br>                                          Plaintiff,<br><br>       v.<br><br>E. Kelly et al.,<br><br>                                          Defendant. | Civil No.   10cv2105-AJB(WVG)<br><br>**ORDER GRANTING IRS DEFENDANTS' MOTION TO DISMISS; GRANTING DUNN DEFENDANTS' MOTION TO DISMISS; DENYING DUNN DEFENDANTS' MOTION FOR SANCTIONS**<br><br>**[Dkt. Nos. 17, 25, 59.]** |

On December 8, 2010, Plaintiffs Brian Kennar and Kathleen Kennar, proceeding *pro se* filed a First Amended Complaint against ten individual IRS employees ("IRS Defendants"); and Barbara Dunn, an attorney for a defendant in another prior lawsuit, and her firm, Lacey, Dunn and Do ("Dunn Defendants") for violations of the Racketeer Influenced and Corrupt Organizations Act ("RICO"). On December 13, 2010, the Dunn Defendants filed a motion to dismiss. (Dkt. No. 17.) On January 7, 2011, the Dunn Defendants also filed a motion for sanctions. (Dkt. No. 25.) On February 15, 2011, the remaining ten IRS Defendants filed a motion to dismiss. (Dkt. No. 59.) The motion is submitted on the papers without oral argument, pursuant to Local Rule 7.1(d)(1). After a thorough review of the motions and supporting documentation, the Court GRANTS IRS Defendants' motion to dismiss for lack of subject matter jurisdiction and failure to state a claim; GRANTS Dunn Defendants' motion to dismiss for failure to state a claim and DENIES Dunn Defendants' motion for sanction pursuant to Federal Rule of Civil Procedure 11.

- 1 -                                                                        [10cv2105-AJB(WVG)]

**Procedural Background**

On October 8, 2010, Plaintiffs filed a Complaint alleging RICO claims against individual IRS employees, Barbara Dunn and Lacy, Dunn & Do. (Dkt. No. 1.) On November 18, 2010, in response to Plaintiffs' *ex parte* motion, District Judge Moskowitz issued an Order Denying Application for an Order Requiring the District Attorney to Serve IRS Parties and Dismissing the Complaint for Failure to State a Claim. (Dkt. No. 10.) On December 8, 2010, a First Amended Complaint was filed. (Dkt. 14.) On December 9, 2010, Defendants Barbara Dunn and LD&D ("Dunn Defendants") filed a motion to dismiss the First Amended Complaint. (Dkt. No. 17.) On January 7, 2011, Defendants Dunn and LD&D filed a motion for sanctions. (Dkt. No. 25.) On January 20, 2011, Plaintiffs filed an opposition to the motion to dismiss and motion for sanctions. (Dkt. Nos. 30-31.) Dunn Defendants filed a reply to both motions on January 28, 2011. (Dkt. Nos. 50-51.)

On February 15, 2011, IRS Defendants filed a motion to dismiss for lack of jurisdiction, insufficient service of process and failure to state a claim upon which relief may be granted. (Dkt. No. 59.) On March 24, 2011, Plaintiffs filed an opposition[1], and on April 8, 2011, IRS Defendants filed a reply. (Dkt. Nos. 62 & 63.) On March 14, 2011, the case was transferred to the undersigned judge. (Dkt. No. 61.)

**Factual Background**

According to the First Amended Complaint, E. Kelly is an IRS Revenue Officer; C. Rose is an IRS Offer in Compromise Specialist; Pittner and Blizzard are IRS General Managers; Alito is an IRS Director; Crawford is an IRS Area Director; Becerra, is an Assistant General Manager; Plasky is an IRS Process Examiner; and Meigs and Shaughnessy are IRS Attorneys. (FAC at 2.) Defendant Barbara Dunn is an attorney that represented a defendant in another prior lawsuit where Plaintiffs were suing their tax professionals; and Lacey, Dunn & Do is the law firm where Dunn is

---

[1] In their reply, IRS Defendants argue that the Court should strike Plaintiffs' opposition as untimely based on Local Rule 56.1(d). However, there is no local rule 56.1(d) in the United States District Court for the Southern District of California. Local Civ. R. 7.1(e)(2) provides that an opposition be filed no later than 14 calendar days prior to the noticed hearing. Local Civ. R. 7.1(e)(2). The hearing date was set for April 8, 2011. Pursuant to the local rule, Plaintiffs' opposition was due on March 25, 2011. Plaintiffs filed their opposition a day earlier on March 24, 2011. Accordingly, the Court DENIES IRS Defendants' request to strike Plaintiff's opposition as untimely.

employed.  (Id. at 3.)

      Plaintiffs present four distinct "criminal episodes" that encompass six different predicate acts under RICO.  The predicate acts alleged are extortion, mail fraud, wire fraud, bank fraud, racketeering and witness tampering.  In the first episode, Plaintiffs claim that Defendants Kelly, Plasky, Pittner, Alito, Crawford, Dunn and LD&D unlawfully obtained settlement funds from another prior lawsuit against their tax professionals while an Offer in Compromise was pending.  (FAC ¶ 12.)  In the second episode, Plaintiffs assert that Defendants Rose, Kelly, Pittner, Alito, Crawford, Blizzard, Becerra, Shaughnessy and Meigs fraudulently returned the Offer in Compromise in order to gain access to the settlement funds.  (Id. ¶ 30.)  Third, Plaintiffs contend that Defendants Rose, Kelly, Plasky, Pittner, Alito, Crawford, Blizzard, Becerra, Shaughnessy, and Meigs made a second attempt to fraudulently return Plaintiffs' Offer in Compromise in order to gain access to the lawsuit settlement funds.  (Id. ¶ 44.)  Lastly, Plaintiffs complain they filed two Freedom of Information Act requests in December 2009 and the summer of 2010.  (Id. ¶ 55.)  Prior to receiving a response to their second request, Plaintiffs filed an administrative complaint against the IRS.  (Id.)  Defendants Kelly, Plasky, Pittner, Alito, Crawford, Becerra, Shaughnessy and Meigs used the content of the administrative complaint and altered the computer program, ICS-HISTORY, to conceal their dishonest activities.  (Id.)

      In the first cause of action, Plaintiffs present a RICO claim against Defendants Plasky, Kelly, Pittner, Alito, and Crawford.  The second cause of action alleges a RICO cause of action against Defendants Rose, Kelly, Pittner, Alito, Crawford, Blizzard, Becerra, Shaughnessy, and Meigs.  On the third cause of action, Plaintiffs allege a RICO action against Defendants Kelly, Plasky, Pittner, Alito, Crawford, Rose, Blizzard, Becerra, Shaughnessy and Meigs.  The fourth cause of action presents a claim of conspiracy to commit RICO against Defendants Dunn, and LD&D.  Lastly, Plaintiffs allege that Kelly, Plasky and Rose conspired with the remaining IRS Defendants to commit RICO on the third cause of action.

## Discussion

**I.     Legal Standard pursuant to Federal Rule of Civil Procedure 12(b)(1)**

      Federal Rule of Civil Procedure 12(b)(1) allows a dismissal for "lack of subject matter

jurisdiction." Fed. R. Civ. P. 12(b)(1). A plaintiff has the burden to establish that subject matter jurisdiction is proper. Kokkonen v. Guardian Life Ins., Co., 511 U.S. 375, 377 (1994).

Under Rule 12(b)(1), a jurisdictional attack may either be "facial" or "factual." White v. Lee, 227 F.3d 1213, 1242 (9th Cir. 2000). When a defendant challenges jurisdiction "facially," all material allegations in the complaint are assumed true, and the question for the court is whether the lack of federal jurisdiction appears from the face of the pleading itself. Thornhill Publishing Co. v. Gen. Tel. Elec., 594 F.2d 730, 733 (9th Cir. 1979); Mortensen v. First Fed. Sav. & Loan Ass'n, 549 F.2d 884, 891 (3d Cir. 1977). In a factual attack, the "defendant disputes the truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction." Safe Air for Everyone v. Meyer, 373 F.3d 1035, 1039 (9th Cir. 2004). A challenge for lack of subject matter jurisdiction may be raised at any time by either party or *sua sponte* by the court. Fleming v. Gordon & Wong Law Group, P.C., 723 F. Supp. 2d 1219, 1222 (N.D. Cal. 2010) (citing Olson Farms, Inc. v. Barbosa, 134 F.3d 933, 937 (9th Cir. 1998)). It appears that IRS Defendants are challenging jurisdiction, "facially."

**A.    RICO Claims Against IRS Government Employees**

Sovereign immunity shields the federal government and its agencies from suit unless it has expressly waived such immunity. United States v. Shaw, 309 U.S. 495, 500-01 (1940); see also F.D.I.C. v. Meyer, 510 U.S. 471, 475 (1993). "A court lacks subject matter jurisdiction over a claim against the United States if it has not consented to be sued on that claim." Balser v. DOJ, Office of U.S. Trustee, 327 F.3d 903, 907 (9th Cir. 2003). Therefore, an action against employees of the federal government sued in their official capacities are immune from suit. Atkinson v. O'Neill, 867 F.2d 589, 590 (9th Cir. 1989) (citation omitted); Gilbert v. DaGrossa, 756 F.2d 1455, 1458 (9th Cir. 1985) (suit against IRS employees in their official capacities is a suit against the United States). "Where an action is one against named individual defendants, but the acts complained of consist of actions taken by defendants in their official capacity as agents of the United States, the action is in fact one against the United States." Id. Furthermore, there can also be no RICO claim against the federal government. Lancaster Comm. Hosp. v. Antelope Valley Hosp., 940 F.2d 397, 404 (9th Cir. 1991) ("government entities are incapable of forming a malicious intent.") cert denied. 502 U.S.

1094 (1992).

In the original complaint filed on October 8, 2010, Plaintiffs sued the IRS Defendants in their official capacities as employees of the IRS. (Dkt. No. 1.) On November 18, 2010, District Judge Moskowitz dismissed the complaint for failure to state a claim based on sovereign immunity. (Dkt. No. 10.) The Court also determined that the complaint "clearly pertains to allegedly improper actions taken by the IRS defendnats in the collection of Federal tax." (Id.) Therefore, the Court concluded that 26 U.S.C. § 7433(a) is the exclusive remedy for Plaintiffs to recover damages from the IRS resulting from employees' reckless, intentional or negligence acts. (Id.) The Court stated that a taxpayer may not circumvent the comprehensive statutory scheme established by section 7433(a) by asserting RICO claims against the IRS or its employees. (Id.)

In response to the Court's dismissal order, on December 9, 2010, Plaintiffs filed a First Amended Complaint. The First Amended Complaint was amended to state that Plaintiffs are not suing the IRS, The Department of the Treasury or the United States but they are suing the individual IRS Defendants in their individual capacities. (Dkt. No. 14 ¶¶ 1, 7, 8.) An examination of the First Amended Complaint reveals that the only significant change from the original complaint is stating that Plaintiffs are suing the individual IRS Defendants in their individual capacities. The remaining RICO allegations and supporting facts are an exact duplicate of the original complaint. Plaintiffs are attempting to circumvent the sovereign bar by asserting RICO claims against the individual IRS agents in their individual capacities. The allegations presented show that Plaintiffs are not suing Defendants in their individual capacities but in their official capacities as IRS employees, responsible for collecting federal taxes. Accordingly, the Court GRANTS IRS Defendants' motion to dismiss for lack of subject matter jurisdiction based on sovereign immunity. Alternatively, if the Court has subject matter jurisdiction, the Court looks at whether Plaintiffs have stated a RICO claim pursuant to Federal Rule of Civil Procedure 12(b)(6) and 9(b).

**II.     Legal Standard pursuant to Federal Rule of Civil Procedure 12(b)(6)**

Federal Rule of Civil Procedure 12(b)(6) permits dismissal for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). Dismissal under Rule 12(b)(6) is appropriate where the complaint lacks a cognizable legal theory or sufficient facts to support

a cognizable legal theory. See Balistreri v. Pacifica Police Dep't., 901 F.2d 696, 699 (9th Cir. 1990). A complaint may survive a motion to dismiss only if, taking all well-pleaded factual allegations as true, it contains enough facts to "state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, --- U.S. ----, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. "In sum, for a complaint to survive a motion to dismiss, the non-conclusory factual content, and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." Moss v. U.S. Secret Serv., 572 F.3d 962, 969 (9th Cir. 2009) (quotations omitted). In reviewing a Rule 12(b)(6) motion, the Court accepts as true all facts alleged in the complaint, and draws all reasonable inferences in favor of the plaintiff. al-Kidd v. Ashcroft, 580 F.3d 949, 956 (9th Cir. 2009).

However, because Plaintiffs are proceeding *pro se*, their complaint "must be held to less stringent standards than formal pleadings drafted by lawyers" and must be "liberally construed." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam) (reaffirming standard reviewing *pro se* complaints post-Twombly). The Ninth Circuit has concluded that the court's treatment of *pro se* filings after Twombly and Iqbal remained the same and *pro se* pleadings must continue to be liberally construed. Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010); see also McGowan v. Hulick, 612 F.3d 636, 640-42 (7th Cir. 2010); Bustos v. Martini Club Inc., 599 F.3d 458, 461-62 (5th Cir. 2010); Harris v. Mills, 572 F.3d 66, 71-72 (2d Cir. 2009) (noting that even following Twombly and Iqbal, "we remain obligated to construe a *pro se* complaint liberally").

**A.  RICO Action May Not be Maintained Against Federal Government Employees on behalf of the United States**

IRS Defendants argue that a RICO action cannot be maintained against Federal Government employees where the United States government is the beneficiary of the action. Plaintiffs disagree.

The United States Supreme Court held that alleged violations of the federal extortion statute, also known as the Hobbs Act, 18 U.S.C. § 1951, by employees of a government agency in their

- 6 -   [10cv2105-AJB(WVG)]

efforts to obtain an easement over landowner's property for the exclusive benefit of the federal government did not qualify as a predicate offense for a RICO action. Wilkie v. Robbins, 551 U.S. 537, 563–567 (2007). The Court held that the "Hobbs Act does not apply when the National Government is the intended beneficiary of the allegedly extortionate acts." Id. at 563. The Court drew a line between private and public beneficiaries which "prevents suits (not just recoveries) against public officers whose jobs are to obtain property owed to the Government." Id. at 566. "It is not reasonable to assume that the Hobbs Act (let alone RICO) was intended to expose all federal employees, whether in the Bureau of Land Management, the Internal Revenue Service, the Office of the Comptroller of the Currency (OCC), or any other agency, to extortion charges whenever they stretch in trying to enforce Government property claims." Id. at 566.

Here, the First Amended Complaint alleges predicate acts of RICO under the Hobbs Act, 18 U.S.C. § 1951; mail fraud, 18 U.S.C. § 1341; wire fraud, 18 U.S.C. § 1343; bank fraud, 18 U.S.C. § 1344; racketeering, 18 U.S.C. § 1952; and witness tampering, 18 U.S.C. § 1512. These acts were allegedly violated while the IRS Defendants were acting as employees of the IRS and attempting to obtain tax revenues owed to the federal government.

Therefore, pursuant to the ruling in Wilkie, the Court concludes that Plaintiffs may not allege a predicate act of extortion against individual Defendants under RICO. See Wilkie, 551 U.S. at 563-566. The Court GRANTS IRS Defendants' motion to dismiss the RICO claim as it relates to the predicate act of extortion under the Hobbs Act, 19 U.S.C. § 1951.

IRS Defendants also ask the Court to expand the holding in Wilkie and conclude that a RICO suit does not lie against the IRS Defendants under any "predicate acts" alleged by Plaintiffs. However, Defendants have not presented any legal authority for the Court to make such a holding. Wilkie concerned solely the predicate act under the Hobbs Act for a RICO claim. Accordingly, the Court declines to expand the holding of Wilkie.

**B.    RICO Claims as to IRS Defendants**

Plaintiffs allege a RICO claim against IRS Defendant under 28 U.S.C. § 1962(c) and conspiracy to commit RICO under § 1962(d). The Court first looks to whether there is a valid RICO claim pursuant to 18 U.S.C. § 1962(c) before addressing whether there is a conspiracy to commit

RICO under 18 U.S.C. § 1962(d).  See Odom v. Microsoft Corp., 486 F.3d 541, 547 (9th Cir. 2007).

18 U.S.C. § 1962(c) provides that "[i]t shall be unlawful for any person employed by or associated with any enterprise engaged in, or the activities of which affect, interstate or foreign commerce, to conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity or collection of unlawful debt."  18 U.S.C. § 1962(c).  A prima facie case for RICO under § 1962(c) requires "(1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity."  Sedima, S.P. R.L. v. Imrex Co., Inc., 473 U.S. 479, 496 (1985).  A plaintiff must also show harm of a specific business or property interest by the racketeering conduct.  Id.; Diaz v. Gates, 420 F.3d 897, 900 (9th Cir. 2005).

"Racketeering activity" is any act indictable under the several provisions of Title 18 of the United States Code, including the predicate acts alleged by Plaintiffs in this case: mail fraud (18 U.S.C. § 1341), wire fraud (18 U.S.C. § 1343)[2], bank fraud (18 U.S.C. § 1344), federal extortion (18 U.S.C. § 1951), witness tampering (18 U.S.C. § 1952) and federal racketeering (18 U.S.C. § 1952).  See 18 U.S.C. § 1961(1).

**C.     Allegations of Fraud Pursuant to Federal Rule of Civil Procedure 9(b)**

For mail and wire fraud, a plaintiff must allege (1) formation of a scheme to defraud, (2) use of the United States mail or wire in furtherance of the scheme to defraud, and (3) specific intent to deceive or defraud.  Schreiber Distrib. Co. v Serv-Well Furniture Co., Inc., 806 F.2d 1393, 1399-1400 (9th Cir. 1986).  For predicate acts involving fraud, a plaintiff must plead the facts with the particularity required by Federal Rule of Civil Procedure 9(b).  Edwards v. Marin Park. Inc., 356 F.3d 1058, 1065-66 (9th Cir. 2004).  Federal Rule of Civil Procedure 9(b) requires that "a party must state with particularity the circumstances constituting fraud."  Fed. R. Civ. P. 9(b).  Rule 9(b) applies to civil RICO claims.  Edwards, 356 F.3d at 1065-66.  "Allegations of mail fraud under section 1962(a)-1962(c) 'must identify the time, place, and manner of each fraud plus the role of each defendant in each scheme.'"  Schreiber Distrib. Co., 806 F.2d at 1401 (quoting Lewis v. Sporck, 612 F. Supp. 1316, 1325 (N.D. Cal. 1985)).

---

[2]In construing the complaint in light most favorable to Plaintiffs, it appears that Plaintiffs are alleging mail and wire fraud as the predicate acts as he uses the words "mail" and "wire" in the First Amended Complaint.

While Plaintiffs reference specific dates and certain letters concerning the fraud allegations, Plaintiffs lump the IRS Defendants Kelly, Plasky, Pittner, Alito, and Crawford together and do not provide the role of each defendant in each scheme. See Screibner Distrib. Co., 806 F.2d at 1401. For example, Plaintiffs state that these IRS Defendants either "directly or indirectly took part in the conduct of the IRS . . ." but provides no specific facts as to each IRS Defendants' involvement in the conduct. Plaintiffs also has not presented any facts as to the place of each fraud. Accordingly, the Court DISMISSES the RICO claims based on the predicate acts of mail, wire and bank fraud for failure to comply with Federal Rules of Civil Procedure 9(b).

### D. Pattern of Racketeering

A "pattern of racketeering" requires "at least two acts of racketeering activity, one of which occurred after the effective date of this chapter and the last of which occurred within ten years . . . after the commission of a prior act of racketeering activity." 18 U.S.C. § 1961(5). The United States Supreme Court in H.J., Inc. v. Northwestern Bell Tel. Co., 492 U.S. 229, 239 (1989), defined the term "pattern" as "showing of a relationship between the predicates" and of "the threat of continuing activity." 492 U.S. 229, 239 (1989) (citing to Legislative History, S. Rep. No. 91-617 at 158 (1969)). "It is this factor of *continuity plus relationship* which combines to produce a pattern." Id. (citation omitted). As to continuity, a plaintiff . . . must prove continuity of racketeering activity, or its threat." Id. at 241. Continuity applies to "a closed period of repeated conduct or to past conduct that by its nature projects into the future with a threat of repetition." Id. at 241. A plaintiff may show continuity over a closed period by "proving a series of related predicates extending over a substantial period of time. Predicate acts extending over a few weeks or months and threatening no future criminal conduct do not satisfy this requirement." Id. at 242.

IRS Defendants argue that Plaintiffs have failed to plead "through a pattern" element of RICO because the alleged predicate acts do not form a pattern as the period in which the alleged acts occurred has closed and there is no threat of continuing activity. The alleged predicate acts occurred over a period of a year from July 2009 to August 2010. (FAC ¶¶ 16(c), 60.) Defendants argue that there is no threat of continuing activity because Plaintiffs' remaining federal tax liability has been determined to be uncollectible. (IRS Defendants' Opp. at 15.) In opposition, Plaintiffs argue they

have properly alleged a pattern of racketeering through facts that establish that the IRS Defendants engaged in four separate criminal episodes seeking three separate lawsuit settlements. Plaintiffs argue that once they have assets again, the IRS will be pursuing its illegal acts.

The Court concludes that Plaintiffs have not alleged a pattern of racketeering activity. According to the First Amended Complaint, the alleged RICO acts occurred for a period of one year and Plaintiffs have not alleged that there is a threat of continuing, future criminal conduct. Accordingly, the Court concludes that Plaintiffs have failed to properly allege a "pattern of racketeering." Accordingly, the Court GRANTS IRS Defendants' motion to dismiss for failure to state a RICO claim under 28 U.S.C. § 1962(c).

In addition, Plaintiffs' RICO conspiracy claim against the IRS Defendants relies on the underlying RICO claim. See Odom, 486 F.3d at 547 (survival of claim under § 1962(c) (RICO claim) will ensure the survival of claim under 1962(d) (RICO conspiracy claim)); Howard v. Am. Online Inc., 208 F.3d 741, 751 (9th Cir. 2000) ("Plaintiffs cannot claim that a conspiracy to violate RICO existed if they do not adequately plead a substantive violation of RICO). Since the Court has dismissed the RICO claim for failure to state a claim, the Court also GRANTS IRS Defendants' motion to dismiss for failure to state a claim as to the conspiracy to commit RICO under 28 U.S.C. § 1962(d).

**E.    Exclusive Remedy for Damages under 26 U.S.C. § 7433(a).**

Defendants argue that Plaintiffs have failed to state a claim because 26 U.S.C. § 7433 provides the exclusive remedy for Plaintiffs' allegations of IRS Defendants' fraudulent attempt to collect federal taxes. Plaintiffs argue that section 7433 only applies to violations of Title 26, the Internal Revenue Code, and since he has alleged RICO claims, they fall outside of 26 U.S.C. § 7433. (Pls' Opp. at 9.)

Under 26 U.S.C. § 7433(a), "in connection with any collection of Federal tax with respect to a taxpayer, any officer or employee of the Internal Revenue Service recklessly or intentionally, or by reason of negligence disregards any provision of this title or any regulation promulgated under this title, such taxpayer may bring a civil action for damages against the United States . . . ." 26 U.S.C. § 7433(a). This provision "shall be the exclusive remedy for recovering damages resulting from such

actions." Id. In order to make out a claim under section 7433(a), a claimant must demonstrate that an employee of the IRS violated a specific section of the Internal Revenue Code or Treasury Regulations in collecting taxes from the claimant. See id.; see also Miller v. United States, 66 F.3d 220, 222 (9th Cir. 1995). Plaintiffs must also exhaust all administrative remedies before filing in district court. 26 U.S.C. § 7433(d)(1).

The claims in the First Amended Complaint concern allegedly fraudulent actions taken by IRS Defendants in the collection of federal taxes. Specifically, they allege that IRS Defendants fraudulently obtained settlement funds from a prior lawsuit pending an Offer in Compromise. Even though Plaintiffs claim they are not making allegations for violation of Title 26, in their opposition, they contend that they are entitled to the settlement funds under Title 26. In addition, Plaintiffs cite to numerous violations of the Internal Revenue Code committed by IRS Defendants regarding the Offer in Compromise. (Pls' Opp. at 12.)

In addition, in an order filed on November 18, 2010 , the Court noted that 26 U.S.C. § 7433(a) provides the exclusive remedy for recovering damages by a taxpayer against an officer or employee of the Internal Revenue Service for recklessly, intentionally or negligently disregarding any provision or regulation. (Dkt. No. 10.) The Court stated that Plaintiffs may not circumvent this statutory scheme by asserting RICO claims against the IRS or its employees. (Id.)

Plaintiffs' allegations fall within 26 U.S.C. § 7433. Plaintiffs contend that IRS Defendants unlawfully obtained settlement funds from another prior lawsuit against their tax professionals while an Offer in Compromise was pending. (FAC ¶ 12.) They also allege that certain IRS Defendants fraudulently returned the Offer in Compromise in order to gain access to the settlement funds. (Id. ¶ 30.) Plaintiffs contend that IRS Defendants made a second attempt to fraudulently return Plaintiffs' Offer in Compromise in order to gain access to lawsuit settlement funds. (Id. ¶ 44.) Lastly, Plaintiffs complain that in response to Freedom of Information Act requests in December 2009 and summer of 2010, certain IRS Defendants altered the administrative complaint Plaintiffs filed against the IRS by using ICS-HISTORY to conceal their dishonest activities regarding receipt of the OIC from Plaintiffs. (Id. ¶¶ 55-58.) These are allegations against employees of the IRS for their allegedly fraudulent role in collecting federal taxes from Plaintiffs.

The Court concludes that 26 U.S.C. § 7433 is Plaintiffs' exclusive remedy. See Mayben v. Barqnes, 290 F. Supp. 2d 1169 (E.D. Cal. 2003) (holding that 26 U.S.C. § 7433(a) is the exclusive remedy for the improper collection of taxes and precludes Plaintiff from bringing a *Bivens* action). Accordingly, the Court GRANTS IRS Defendants' motion to dismiss for failure to state a claim based on 26 U.S.C. § 7433(a).

Because the Court GRANTS IRS Defendants' motion to dismiss the First Amended Complaint for lack of subject matter jurisdiction and for failure to state a claim, the Court need not address whether IRS Defendants are entitled to qualified immunity or whether the Court lacks personal jurisdiction over Defendants Alito and Plasky and whether Plaintiffs failed to properly serve Defendants Meigs, Crawford, Alito and Plasky.

### F.     Conspiracy to Commit RICO as to Defendants Dunn and LD&D

Defendants Dunn and LD&D move to dismiss the First Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) and 9(b). The First Amended Complaint alleges one claim of conspiracy to commit RICO[3] against Dunn and LD&D. (FAC at 37.) In their opposition, Plaintiffs state that their only claim against the Dunn Defendants is conspiracy to commit RICO.

Plaintiffs' RICO conspiracy claim relies on the underlying RICO claim. Since the Court has determined that Plaintiffs have failed to allege a RICO cause of action, the RICO conspiracy claim necessarily fails. See Odom v. Microsoft Corp., 486 F.3d 541, 547 (9th Cir. 2007) (survival of claim under § 1962(c) (RICO claim) will ensure the survival of claim under 1962(d) (RICO conspiracy claim)); Howard v. Am. Online Inc., 208 F.3d 741, 751 (9th Cir. 2000) ("Plaintiffs cannot claim that a conspiracy to violate RICO existed if they do not adequately plead a substantive violation of RICO"). Accordingly, the Court GRANTS Dunn Defendants' motion to dismiss the complaint for failure to state a claim as to the RICO conspiracy claim.

The Court also notes that the order dismissing the original complaint filed on November 18, 2010 dismissed the complaint as to the Dunn Defendants because "Plaintiffs have not alleged facts establishing a plausible RICO claim against them." (Dkt. No. 10.) The First Amended Complaint

---

[3]Section 1962(d) of RICO provides that "[i]t shall be unlawful for any person to conspire to violate any of the provisions of subsection (a), (b), or (c) of this section." 18 U.S.C. § 1962(d).

presents the same allegations against the Dunn Defendants as the original complaint. For that reason, the Court also GRANTS Dunn Defendants' motion to dismiss the First Amended Complaint.[4]

### III. Dunn Defendants' Motion for Sanctions

Dunn Defendants have filed a motion for sanctions pursuant to Federal Rule of Civil Procedure 11. Plaintiffs oppose arguing their claims are not frivolous and they have presented a facially plausible claim.

Rule 11 states, in pertinent part, that when an attorney or an unrepresented party presents a signed paper to a court, that person is certifying that to the best of his or her "knowledge information, and belief, formed after an inquiry reasonable under the circumstances. . . (2) the claims, defenses, and other legal contentions therein are warranted by existing law; [and] (3) the allegations and other factual contentions have evidentiary support or, if specifically so identified, are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery . . . ." Fed. R. Civ. P. 11(b).

The Ninth Circuit has provided a standard to determine the kind of conduct or neglect that may trigger sanctions under Rule 11. Zaldivar v. City of Los Angeles, 780 F.2d 823, 831 (9th Cir.1986), abrogated on other grounds by, Cooter & Gell v. Hartmarx, Corp., 496 U.S. 384 (1990). Rule 11 requires the imposition of sanctions where an attorney or unrepresented party has signed pleadings that are frivolous or without merit or has filed a pleading for an improper purpose. Id. at 830-32. Rule 11 is governed by an objective standard of reasonableness. Id. at 830. "Our cases have established that sanctions [under Rule 11] must be imposed on the signer of a paper if either a) the paper is filed for an improper purpose, or b) the paper is 'frivolous.'" Townsend v. Holman Consulting Corp., 929 F.2d 1358, 1362 (9th Cir. 1990) (en banc).

Rule 11 sanctions must be assessed if the papers filed with the court is "frivolous, legally unreasonable, or without factual foundation, even though the paper was not filed in subjective bad faith." Zaldivar, 780 F.2d at 831. The second factor of "improper purpose" requires a determination

---

[4] Since the Court has granted the Dunn Defendants' motion to dismiss, the Court need not address whether the Noerr-Pennington doctrine applies to this case.

whether the pleading was filed to "harass or to cause unnecessary delay or needless increase in the cost of litigation." Id.

*Pro se* litigants, like represented parties and attorneys are subject to Rule 11 sanctions. Fed. R. Civ. P. 11(b). Bus. Guides, Inc. v. Chromatic Commc'ns Enters., Inc., 892 F.2d 802, 811 (9th Cir. 1989). However, the Court must take into account a plaintiff's *pro se* status when determining whether to impose sanctions because what is objectively reasonable for a *pro se* litigant and for an attorney may not be the same. Warren v. Guelker, 29 F.3d 1386, 1390 (9th Cir. 1994). A court can consider Plaintiff's ability to pay monetary sanctions as one factor in assessing sanctions. Id. at 1390. A court's "discretion acknowledges that (1) what is objectively reasonable for a *pro se* litigant and for an attorney may not be the same, and (2) the *pro se* status of a violator may be relevant to the court's discretionary choice of the appropriate sanction in a given case." Bus. Guides, Inc., 892 F.2d at 811.

A *pro se* plaintiff may be sanctioned if he or she successively "seeks to press a wholly frivolous claim." Ricketts v. Midwest Nat.'l Bank, 874 F.2d 1177, 1182 n. 4 (7th Cir. 1989) (citing Fed. R. Civ. P. 11 advisory committee note (1983 amendments)); see also GC & KB Investments, Inc. v. Wilson, 2001 WL 34125618 (C.D. Cal. 2001).

Here, Plaintiffs' original complaint was dismissed as to the Dunn Defendants by Judge Moskowitz for failing to "allege facts establishing a plausible RICO claim against them." (Dkt. No. 10.) The First Amended Complaint mirrors the original complaint as to the Dunn Defendants. Despite the Court's order, no changes were made to add facts or allegations of RICO against Dunn Defendants. Plaintiffs continue to assert that their claim is not frivolous, and is otherwise in good faith.

Although the allegations in Plaintiffs' First Amended Complaint are ultimately unavailing, the Court does not believe they are sufficiently frivolous to warrant Rule 11 sanctions. In addition, Plaintiffs have only amended the complaint one time and one revision is not considered to be a successive filing of a frivolous claim. See Ricketts, 874 F.2d at 1182 n. 4. The Court excercises its discretion to not award sanctions. Accordingly, the Court DENIES Dunn Defendants' motion for sanctions.

////

## IV.  Dunn Defendants' Request for Judicial Notice

Dunn Defendants filed a request for judicial notice in support of their motion to dismiss and their motion for sanctions. Since the Court did not reference any of the documents in the request for judicial notice, the Court DENIES Defendants' request for judicial notice in support of their motion to dismiss and in support of their motion for sanctions.

## V.  Leave to Amend

Before dismissing a *pro se* complaint, a district court must provide the litigant notice "of the deficiencies in his complaint in order to ensure that the litigant uses the opportunity to amend effectively." Ferdik v. Bonzelet, 963 F.2d 1258, 1261 (9th Cir. 1992).  However, a district court may dismiss a complaint without leave to amend if it is absolutely clear that amendment would be futile. Nunes v. Ashcroft, 375 F.3d 805, 808 (9th Cir. 2004); Mayben, 290 F. Supp. 2d at 1174 (dismissing *Bivens* complaint against IRS employee for the improper collection of taxes with prejudice because no amendment to the complaint could cure the defects in the complaint).

Here, Plaintiffs' original complaint was dismissed for failure to state a claim against IRS Defendants based on sovereign immunity and against the Dunn Defendants for failure to state a claim. The Court provided reasons to support its dismissal. Plaintiffs disregarded the ruling of the Court and filed a First Amended Complaint alleging the same facts and causes of action as the original complaint with the exception that Plaintiffs allege they are now suing the IRS Defendants in their individual capacities. The underlying facts alleging RICO against the IRS Defendants as employees of the federal government are barred under the doctrine of sovereign immunity. As such, the conspiracy claims against the Dunn Defendants also fail. No set of facts can cure the complaint to avoid dismissal. The Court concludes that any amendment to the First Amended Complaint would be futile.[5] Accordingly, the Court DISMISSES the First Amended Complaint with prejudice.

---

[5]In their opposition to Dunn Defendants' motion to dismiss and to IRS Defendants' motion to dismiss, Plaintiffs attach a two separate "proposed" Second Amended Complaints. Each of the Second Amended Complaints are different from each other. It appears Plaintiffs have attempted to amend their First Amended Complaint based on IRS and Dunn Defendants' arguments in their motions to dismiss. Plaintiffs have not requested leave to file a second amended complaint and the Court did not review the Second Amended Complaints in deciding the pending motions before the Court. However, the Court reviewed the "proposed" Second Amended Complaints to confirm that any leave to file an amended

**Conclusion**

Based on the above reasoning, the Court:

1) GRANTS IRS Defendants' motion to dismiss for lack of subject matter jurisdiction and for failure to state a claim with prejudice. (Dkt. No. 59.)

2) GRANTS Dunn Defendants' motion to dismiss for failure to state a claim with prejudice. (Dkt. No. 17.)

3) DENIES Dunn Defendants' motion for sanctions. (Dkt. No. 25.)

IT IS SO ORDERED.

DATED: May 27, 2011

　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　Hon. Anthony J. Battaglia
　　　　　　　　　　　　　　　　　U.S. District Judge

---

complaint would be futile. The Second Amended Complaints present additional facts to support their claims but the four "criminal episodes" and causes of action are the same. Although one of the Second Amended Complaints add Fireman's Fund Insurance Company as a defendant, the allegations are based on the IRS Defendants' fraudulent attempt to satisfy a federal tax lien by confiscating settlement funds from a prior lawsuit outside the OIC process. These claims have been dismissed as discussed above. Therefore, any leave to file a second amended complaint would be futile.