UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

SEP 26 2013

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| BRIAN KENNER; KATHLEEN KENNER, an individual,<br><br>            Plaintiffs - Appellants,<br><br>  v.<br><br>E. KELLY, an individual, IRS employee; et al.,<br><br>            Defendants - Appellees. | No. 11-56062<br><br>D.C. No. 3:10-cv-02105-AJB-WVG<br>U.S. District Court for Southern California, San Diego<br><br>**MANDATE** |
| BRIAN KENNER and KATHLEEN KENNER, an individual,<br><br>            Plaintiffs - Appellees,<br><br>  v.<br><br>E. KELLY, an individual, IRS employee; et al.,<br><br>            Defendants,<br><br> and<br><br>BARBARA DUNN, an individual; et al.,<br><br>            Defendants - Appellants. | No. 11-56252<br><br>D.C. No. 3:10-cv-02105-AJB-WVG<br>U.S. District Court for Southern California, San Diego |

The judgment of this Court, entered June 20, 2013, takes effect this date.

This constitutes the formal mandate of this Court issued pursuant to Rule 41(a) of the Federal Rules of Appellate Procedure.

Costs are taxed against the appellants (Brian Kenner and Kathleen Kenner) in the amount of $90.60 case number 11-56062 .

FOR THE COURT:
Molly C. Dwyer
Clerk of Court

Rhonda Roberts
Deputy Clerk

FILED

JUN 20 2013

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| BRIAN KENNER; KATHLEEN KENNER, <br><br> Plaintiffs - Appellants, <br><br> v. <br><br> E. KELLY, an individual, IRS employee; et al., <br><br> Defendants - Appellees. | No. 11-56062 <br><br> D.C. No. 3:10-cv-02105-AJB-WVG <br><br><br> MEMORANDUM[*] |
| BRIAN KENNER; KATHLEEN KENNER, <br><br> Plaintiffs - Appellees, <br><br> v. <br><br> E. KELLY, an individual, IRS employee; et al., <br><br> Defendants, <br><br> And <br><br> BARBARA DUNN, an individual; | No. 11-56252 <br><br> D.C. No. 3:10-cv-02105-AJB-WVG |

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

LACEY DUNN & DO, PC ,

      Defendants - Appellants.

Appeal from the United States District Court
for the Southern District of California
Anthony J. Battaglia, District Judge, Presiding

Submitted June 18, 2013[**]

Before:     TALLMAN, M. SMITH, and HURWITZ, Circuit Judges.

    Brian and Kathleen Kenner appeal pro se from the district court's judgment dismissing their action alleging that defendants violated the Racketeer Influenced and Corrupt Organizations Act ("RICO") in connection with the collection of their federal income tax liabilities. Barbara Dunn and Lacey Dunn & Do, PC ("Dunn defendants") cross appeal from the order denying their motion for sanctions under Fed. R. Civ. P. 11. We have jurisdiction under 28 U.S.C. § 1291. We review de novo a dismissal for failure to state a claim. *Odom v. Microsoft Corp.*, 486 F.3d 541, 545 (9th Cir. 2007) (en banc). We review for an abuse of discretion the district court's Rule 11 determination. *Retail Flooring Dealers of Am., Inc. v. Beaulieu of Am., LLC*, 339 F.3d 1146, 1150 (9th Cir. 2003). We affirm.

---

    [**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

In No. 11-56062, the district court properly dismissed the Kenners' RICO claims against the Internal Revenue Service ("IRS") defendants for failure to state a claim because the Kenners' allegations against the IRS defendants constitute violations of the Internal Revenue Code ("IRC") in connection with tax collection activities, and the sole remedy for such claims is under 26 U.S.C. § 7433. *See* 26 U.S.C. § 7433 (providing that a civil action against the United States under § 7433 "shall be the exclusive remedy for recovering damages" resulting from IRS employees' negligent, reckless, or intentional disregard of any IRC provision or treasury regulation in connection with any collection of federal tax). Accordingly, the district court properly dismissed the conspiracy claim against the Dunn defendants as well. *See Howard v. Am. Online Inc.*, 208 F.3d 741, 751 (9th Cir. 2000) (RICO conspiracy claim fails to state a claim where underlying substantive RICO claim fails).

The district court did not abuse its discretion in dismissing the complaint without leave to amend because amendment would have been futile. *See Albrecht v. Lund*, 845 F.2d 193, 195 (9th Cir. 1998) (reviewing for an abuse of discretion and stating that leave to amend may be denied where amendment would be futile); *see also World Wide Rush, LLC v. City of Los Angeles*, 606 F.3d 676, 690 (9th Cir. 2010) (discretion to deny leave to amend is "particularly broad" where plaintiff has

previously filed an amended complaint).

In No. 11-56252, the district court did not abuse its discretion in denying the Dunn defendants' motion for sanctions under Rule 11 after determining that the allegations in the operative complaint are not sufficiently frivolous.  *See Christian v. Mattel, Inc.*, 286 F.3d 1118, 1127 (9th Cir. 2002) (listing factors that district courts must consider in determining whether to impose Rule 11 sanctions); *see also Warren v. Guelker*, 29 F.3d 1386, 1390 (9th Cir. 1994) (per curiam) ("Although Rule 11 applies to pro se plaintiffs, the court must take into account a plaintiff's pro se status when it determines whether the filing was reasonable.").

**AFFIRMED.**